MILDRED KORMAN, DEFENDANT-APPELLANT, v. HY-GRADE FOOD PRODUCTS CORPORATION, PROSECUTOR-RESPONDENT.

Argued October 21, 1943—Decided January 27, 1944.

For the defendant-appellant, *David Roskein* and *Harry Cohn.*

For the prosecutor-respondent, *Elias G. Willman* and *Julius Stein.*

PER CURIAM.

The Supreme Court reversed the judgment of the Workmen's Compensation Bureau upon the ground that the evidence failed to disclose that the employer had knowledge of any accident to the employee and no actual knowledge of the occurrence of injury. This finding of fact being supported by the evidence, the judgment is affirmed. *Friese* v. *Nagle Packing Co.,* 110 *N. J. L.* 588; *Helminsky* v. *Ford Motor Co.,* 111 *Id.* 369.

We are not, however, to be considered as approving the statement in the opinion of the Supreme Court with respect to hearsay testimony, if it is intended to hold that a person giving notice to the employer of the occurrence of an accident or injury may not have such knowledge or information by hearsay. In the opinion it is said: "The words relied upon to impute knowledge to the employer were said to have been uttered to Schacter, of whom the witness" (decedent's widow and petitioner) "asked the address of Stanley, the helper, who was with the decedent *when he was hurt*. This part of her evidence was hearsay and may not be utilized to determine the substantial rights of the parties."

It has been repeatedly held that hearsay evidence is not competent to prove the fact of an accident or injury. We do not, however, concur in the conclusion, of which the language quoted is susceptible, that notice to an employer of the occurrence of the injury of an employee may not be given by "someone on his behalf, or some of the dependents, or someone on their behalf," *R. S.* 34:15–17, whose knowledge of the alleged injury was obtained by hearsay. It is not required that the person giving notice to the employer shall actually have witnessed the occurrence. What is here said applies only to the question of notice to or knowledge of the injury by the employer.

The judgment is affirmed, and, with this limitation, upon the opinion below.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, DONGES, HEHER, PORTER, DEAR, WELLS, RAFFERTY, THOMPSON, DILL, JJ.   11.

*For reversal*—None.